Submitted November 2, 2012, reversed and remanded January 16, 2013

In the Matter of D. M. T.,
a Youth.

STATE OF OREGON,
*Respondent*,

*v.*

D. M. T.,
*Appellant*.

Washington County Circuit Court
J030035;
Petition Number 04J030035;
A151551

295 P3d 175

■■■■■■■■■■■■■■■■■

Angela Sherbo filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jake J. Hogue, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

PER CURIAM

■■■■■■■■■■■

## PER CURIAM

In this juvenile delinquency case, youth appeals a judgment finding him to be within the jurisdiction of the juvenile court based on his admissions, pursuant to a plea agreement, to two counts of attempted sexual abuse in the first degree. Under the plea agreement, other counts in the petition were dismissed. After the order accepting youth's admissions was entered, but before final disposition of the petition, youth filed a motion to amend both the petition and the order accepting his jurisdictional admissions "to replace [the] Attempted Sex Abuse I charges in Counts IV and V with charges of Attempted Sex Abuse III, a Class B misdemeanor." The juvenile court ultimately denied the motion, concluding that the court "d[id] not have the authority" to amend the petition and jurisdictional admissions.

Youth assigns error to that ruling on appeal, arguing that the juvenile court has discretion under the juvenile code to dismiss or amend a petition and to set aside or modify its orders even after a youth has admitted to allegations in the petition and the court has accepted those admissions. The state concedes that the juvenile court erred in concluding that it lacked authority to consider youth's motion. We agree and accept the state's concession. *See* ORS 419C.261(1) (providing that "[t]he court, on motion of an interested party or on its own motion, may at any time direct that the petition be amended"); ORS 419C.610(1) (providing, subject to specified exceptions, that "the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct"). Accordingly, we reverse and remand for the juvenile court to consider youth's motion on the merits.

Reversed and remanded.